FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 21, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RENEE D.,[1]<br>    Plaintiff,<br><br>vs.<br><br>KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,[2]<br>    Defendant. | No. 2:20-cv-00327-MKD<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>ECF Nos. 18, 19 |

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies them by only their first names and the initial of their last names. *See* LCivR 5.2(c).

[2] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew M. Saul as the defendant in this suit. No further action need be taken to continue this suit. *See* 42 U.S.C. § 405(g).

ORDER - 1

Before the Court are the parties' cross-motions for summary judgment. ECF Nos. 18, 19. The parties consented to proceed before a magistrate judge. ECF No. 5. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, the Court denies Plaintiff's motion, ECF No. 18, and grants Defendant's motion, ECF No. 19.

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

ORDER - 2

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

**FIVE-STEP EVALUATION PROCESS**

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of

ORDER - 3

substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the

ORDER - 4

enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §

ORDER - 5

416.920(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

On June 8, 2018, Plaintiff applied for Title XVI supplemental security income benefits alleging a disability onset date of January 1, 2009. Tr. 16, 83, 175-89. The application was denied initially, and on reconsideration. Tr. 100-03, 107-09. Plaintiff appeared before an administrative law judge (ALJ) on January 7, 2020. Tr. 32-68. On January 22, 2020, the ALJ denied Plaintiff's claim. Tr. 13-31.

At step one of the sequential evaluation process, the ALJ found Plaintiff has not engaged in substantial gainful activity since June 8, 2018. Tr. 18. At step two, the ALJ found that Plaintiff has the following severe impairments: polysubstance abuse in remission (sobriety since September 2016); bipolar disorder; anxiety

ORDER - 6

disorder; posttraumatic stress disorder (PTSD); a neurodevelopmental disorder (attention deficit hyperactivity disorder (ADHD)); and degenerative disc disease of the lumbar spine with remote history of back surgery. *Id.*

At step three, the ALJ found Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 19. The ALJ then concluded that Plaintiff has the RFC to perform light work with the following limitations:

> [Plaintiff] requires a sit-stand option which is defined as changing from a sitting position to a standing position, and vice versa, every 30 minutes or so for five minutes at [Plaintiff's] discretion, while remaining at the workstation. [Plaintiff] can otherwise occasionally stoop and climb ramps and stairs but is unable to crouch, kneel, crawl, or climb ladders, ropes, or scaffolds. Handling, fingering, and reaching overhead with the right upper extremity is limited to frequently (two-thirds of the workday). [Plaintiff] is also precluded from working around moving or dangerous machinery and unprotected heights, and is limited to simple routine and repetitive work in a low stress work environment (defined as no work at a production pace or conveyor belt type work, or sales quota) and only occasional workplace changes in a predictable work setting. Finally, she can have only brief superficial interaction with the public and only occasional interaction with coworkers and supervisors in an environment that would not invoke crowds.

Tr. 20-21.

At step four, the ALJ found Plaintiff has no past relevant work. Tr. 24. At step five, the ALJ found that, considering Plaintiff's age, education, work experience, RFC, and testimony from the vocational expert, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform,

ORDER - 7

such as parking lot attendant, office helper, and deliverer, outside.  Tr. 25.  Therefore, the ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, from the date of the application through the date of the decision.  Tr. 26.

On July 16, 2020, the Appeals Council denied review of the ALJ's decision, Tr. 1-6, making the ALJ's decision the Commissioner's final decision for purposes of judicial review.  *See* 42 U.S.C. § 1383(c)(3).

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her supplemental security income benefits under Title XVI of the Social Security Act.  Plaintiff raises the following issue for review:

1. Whether the ALJ properly evaluated Plaintiff's symptom claims.[3]

ECF No. 18 at 10.

---

[3] Plaintiff lists two additional issues, arguing the ALJ erred in assessing Plaintiff's RFC and in finding Plaintiff capable of substantial gainful activity at step five.  ECF No. 18 at 10.  However, Plaintiff addresses these issues within her argument regarding Plaintiff's symptom claims; as such, the Court addresses all three issues together.

ORDER - 8

## DISCUSSION

**A. Plaintiff's Symptom Claims**

Plaintiff faults the ALJ for failing to rely on reasons that were clear and convincing in discrediting her symptom claims. ECF No. 18 at 10-15. An ALJ engages in a two-step analysis to determine whether to discount a claimant's testimony regarding subjective symptoms. SSR 16–3p, 2016 WL 1119029, at *2. "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Molina*, 674 F.3d at 1112 (quotation marks omitted). "The claimant is not required to show that [the claimant's] impairment could reasonably be expected to cause the severity of the symptom [the claimant] has alleged; [the claimant] need only show that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations omitted). General findings are insufficient; rather, the ALJ must identify what symptom claims are being discounted and what evidence undermines these claims. *Id.* (quoting *Lester*, 81 F.3d at 834; *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th

ORDER - 9

Cir. 2002) (requiring the ALJ to sufficiently explain why it discounted claimant's symptom claims)). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

Factors to be considered in evaluating the intensity, persistence, and limiting effects of a claimant's symptoms include: 1) daily activities; 2) the location, duration, frequency, and intensity of pain or other symptoms; 3) factors that precipitate and aggravate the symptoms; 4) the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; 5) treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; 6) any measures other than treatment an individual uses or has used to relieve pain or other symptoms; and 7) any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms. SSR 16-3p, 2016 WL 1119029, at *7; 20 C.F.R. § 416.929(c). The ALJ is instructed to "consider all of the evidence in an individual's record," to "determine how symptoms limit ability to perform work-related activities." SSR 16-3p, 2016 WL 1119029, at *2.

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms, but that Plaintiff's

ORDER - 10

statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the evidence. Tr. 21.

   *1. Lack of Treatment*

The ALJ found Plaintiff's symptom claims were inconsistent with her lack of treatment. Tr. 21-22. An unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment may be considered when evaluating the claimant's subjective symptoms. *Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007). And evidence of a claimant's self-limitation and lack of motivation to seek treatment are appropriate considerations in determining the credibility of a claimant's subjective symptom reports. *Osenbrock v. Apfel*, 240 F.3d 1157, 1165-66 (9th Cir. 2001); *Bell-Shier v. Astrue*, 312 F. App'x 45, *3 (9th Cir. 2009) (unpublished opinion) (considering why plaintiff was not seeking treatment). When there is no evidence suggesting that the failure to seek or participate in treatment is attributable to a mental impairment rather than a personal preference, it is reasonable for the ALJ to conclude that the level or frequency of treatment is inconsistent with the alleged severity of complaints. *Molina*, 674 F.3d at 1113-14.

Plaintiff does not set forth any arguments regarding the ALJ's finding that her symptom claims are inconsistent with her lack of treatment. Thus, any challenge to the finding is waived. *See Carmickle v. Comm'r, Soc. Sec. Admin.*,

ORDER - 11

533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (determining Court may decline to address on the merits issues not argued with specificity); *Kim v. Kang*, 154 F.3d 996, 1000 (9th Cir. 1998) (the Court may not consider on appeal issues not "specifically and distinctly argued" in the party's opening brief). However, the Court conducted an independent review of the ALJ's finding and finds the reasoning is supported by substantial evidence in the record.

First, the ALJ noted that despite Plaintiff's complaints of symptoms and limitations related to her physical impairments, she did not seek any significant ongoing treatment for her physical impairments. Tr. 21, 23. Plaintiff underwent back surgery in 2006, and there is no evidence of treatment for her back impairment since the surgery. Tr. 23. While Plaintiff complained of back pain at some medical visits, there is no evidence of ongoing treatment for her back impairment. *See, e.g.,* Tr. 359-60 (seen for lumbosacral sprain). Plaintiff also complained of right arm symptoms but did not pursue treatment for it. Tr. 23 (citing Tr. 452). While Plaintiff testified that she experienced numbness in her right arm, which make it hard to hold items, carry heavy items and to sleep, she reported she was not on any medication for the symptoms and there is no evidence she pursued treatment for the symptoms. Tr. 44-45.

Second, the ALJ noted that despite claims of disabling mental health symptoms, Plaintiff had periods when she did not seek ongoing mental health

ORDER - 12

treatment. Tr. 21-22. Plaintiff did not begin consistent mental health treatment until May 2018. *Id.* Plaintiff does not offer any reasons as to why she did not seek treatment for her conditions for several years. While Plaintiff alleges disability beginning in 2009, there is not evidence of ongoing mental healthcare until May 2018. *See* Tr. 504-26. On this record, the ALJ reasonably concluded that Plaintiff's symptom claims were inconsistent with her lack of treatment. This finding is supported by substantial evidence and was a clear and convincing reason to discount Plaintiff's symptom complaints.

*2. Inconsistent Objective Medical Evidence*

The ALJ found Plaintiff's symptom claims were inconsistent with the objective medical evidence. Tr. 21-23. An ALJ may not discredit a claimant's symptom testimony and deny benefits solely because the degree of the symptoms alleged is not supported by objective medical evidence. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991); *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989); *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). However, the objective medical evidence is a relevant factor, along with the medical source's information about the claimant's pain or other symptoms, in determining the severity of a claimant's symptoms and their disabling effects. *Rollins*, 261 F.3d at 857; 20 C.F.R. § 416.929(c)(2).

ORDER - 13

Defendant presents no argument in opposition to Plaintiff's contention the ALJ improperly found Plaintiff's symptom claims were inconsistent with the objective medical evidence. *See* ECF No. 19. It is unclear whether this is an admission by Defendant that the ALJ erred or whether it was an oversight. As it is not this Court's role to distill potential arguments that could be made based on the record, for this reason, if no other, the Court would be justified to find that the ALJ erred in finding Plaintiff's symptom claims were inconsistent with the objective medical evidence and Defendant has waived the harmless error argument. *See Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990) (issue not raised in opening appellate brief deemed waived); *Wilcox v. Commissioner of Internal Revenue*, 848 F.2d 1007, 1008 n.2 (9th Cir. 1998) ("[a]rguments not addressed in a brief are deemed abandoned"); *see also Justice v. Rockwell Collins. Inc.*, 117 F.Supp.3d 1119, 1134 (D. Or. 2015), aff'd, 720 F. App'x 365 (9th Cir. 2017) ("if a party fails to counter an argument that the opposing party makes ... the court may treat that argument as conceded") (citation and internal quotations and brackets omitted); *Silva v. City of San Leandro*, 744 F. Supp. 2d 1036, 1050 (N.D. Cal. 2010) ("Plaintiffs do not address this argument in their Opposition brief, implicitly conceding that these claims fail."); *Tatum v. Schwartz*, No. Civ. S-06-01440 DFL EFB, 2007 WL 419463, *3 (E.D. Cal. Feb. 5, 2007) (explaining that a party "tacitly concede[d][a] claim by failing to address defendants' argument in her

ORDER - 14

opposition."); *Kinley v. Astrue*, No. 1:12-cv-740-JMS-DKL, 2013 WL 494122, *3 (S.D. Ind. Feb. 8, 2013) ("The Commissioner does not respond to this [aspect of claimant's] argument, and it is unclear whether this is a tacit admission by the Commissioner that the ALJ erred or whether it was an oversight. Either way, the Commissioner has waived any response.").

However, a court generally has discretion to consider even a waived argument. *See In re Hanford Nuclear Res. Lit.*, 534 F.3d 986, 1007 (9th Cir. 2008) (exercising discretion to review waived claim); *Brass v. Cnty. of Los Angeles*, 328 F.3d 1192, 1197 (9th Cir. 2003) (explaining that the decision whether to review waived issues "lies within the discretion of the district court"); *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000) (holding that a district court has discretion to consider evidence and argument presented for the first time in an objection to a magistrate's recommendation). The Court conducted an independent review of the ALJ's finding and finds the reasoning is supported by substantial evidence in the record.

While Plaintiff alleges disabling mental health limitations, the medical records indicate Plaintiff generally was stable, reported managing her symptoms with meditation and medication, and she consistently reported doing well. Tr. 22 (citing Tr. 504-26, 673, 682, 689). Plaintiff reported improvement with treatment, and began reporting journaling, reading her Bible, engaging in physical activity,

ORDER - 15

attending women's group, and being able to participate in managing her medication. Tr. 22 (citing Tr. 504-26, 743-800). While Plaintiff was found to have some limitations at a 2018 examination with Dr. Genthe, her personality assessment inventory indicated her responses could not be considered valid. Tr. 24 (citing Tr. 398-404). At a 2009 DSHS evaluation, Plaintiff over-endorsed symptomology. Tr. 24 (citing Tr. 408-21). The counseling and medication management records from the relevant time period note Plaintiff was stable, euthymic, well-oriented, well-groomed, and she had a stable mood, and normal eye contact and thoughts. Tr. 508, 513, 516, 519, 521, 523, 525, 649, 655, 663. While there are some abnormalities noted, such as an anxious and blunted affect and lability, Tr. 516, mental status findings were generally normal. Plaintiff reported having panic attacks in December 2018, but reported she was managing them with meditation. Tr. 658. Plaintiff also reported swimming, walking, camping, gardening, working in the yard, spending time with her dog, journaling, and going to church. Tr. 649, 651, 656. Plaintiff argues her counseling records and Dr. Genthe's evaluation are consistent with Plaintiff's symptom complaints, and thus the ALJ erred in finding her allegations were inconsistent with the objective medical evidence. ECF No. 18 at 14. However, Plaintiff does not address the numerous normal mental findings, nor the question of the validity of the results of Dr. Genthe's evaluation. Further, Plaintiff does not cite to any specific evidence to

ORDER - 16

support her argument. On this record, the ALJ reasonably concluded that Plaintiff's symptom claims were inconsistent with the objective medical evidence. This finding is supported by substantial evidence and was a clear and convincing reason, along with the other reasons offered, to discount Plaintiff's symptom complaints.

Plaintiff argues that because the ALJ improperly rejected her symptom claims, the RFC did not account for her limitations, and thus the vocational expert was presented with an incomplete RFC. Tr. 10, 14-15. This argument relies on the assumption that the ALJ erred in his analysis of Plaintiff's symptom claims. For reasons discussed throughout this decision, the ALJ's adverse credibility finding is legally sufficient and supported by substantial evidence. Thus, the ALJ did not err in finding Plaintiff capable of performing other work in the national economy based on the hypothetical containing Plaintiff's RFC.

*3. Activities of Daily Living*

The ALJ found Plaintiff's symptom claims were inconsistent with her activities of daily living. Tr. 21-23. Neither Plaintiff nor Defendant addressed the ALJ's finding that Plaintiff's claims were inconsistent with her activities. Thus, any argument is waived. *See Carmickle*, 533 F.3d at 1161 n.2. Plaintiff is not entitled to remand on these grounds.

ORDER - 17

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is supported by substantial evidence and free of harmful legal error. Accordingly, **IT IS HEREBY ORDERED**:

1. The District Court Executive is directed to substitute Kilolo Kijakazi as Defendant and update the docket sheet.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 18**, is **DENIED**.

3. Defendant's Motion for Summary Judgment, **ECF No. 19**, is **GRANTED**.

4. The Clerk's Office shall enter **JUDGMENT** in favor of Defendant.

The District Court Executive is directed to file this Order, provide copies to counsel, and **CLOSE THE FILE**.

DATED September 21, 2021.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 18